UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                     Case No. 17-25141-AJC

SUAREZ FASHION, CORP.,                                     Chapter 7

      Debtor.
_____/
BARRY E. MUKAMAL AS CHAPTER 7
TRUSTEE,

      Plaintiff,                                           Adv. Case No.19-01790-AJC
-vs-

MIRAMAR INTERNATIONAL GROUP LLC,

      Defendant.
_____/

**PLAINTIFF'S VERIFIED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT**
**<u>AGAINST DEFENDANT</u>**

STATE OF FLORIDA         )
                         ) SS:
MIAMI-DADE COUNTY    )

      COMES NOW, BARRY E. MUKAMAL as Chapter 7 Trustee (hereinafter "Trustee") in the above-styled matter pursuant to 28 U.S.C. § 1746(2), under penalty of perjury and swear to the following: I, Barry E. Mukamal as Chapter 7 Trustee sued the Defendant, Miramar International Group LLC (hereinafter "Defendant"), in this Adversary Case for the reasons set forth below:

      1.        Debtor, Suarez Fashion, Corp., filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on the 21st day of December 2017.

      2.        The Plaintiff, Barry E. Mukamal as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Suarez Fashion, Corp., is the duly-appointed and permanent Chapter 7 Trustee of the Bankruptcy

Estate of Suarez Fashion, Corp., in Parent Case No. 17-25141-AJC (the "Bankruptcy Case").

3.     Since October 2010, Islay Suarez ("Owner") was the president and sole owner of the Debtor.

4.     Debtor originally operated as a retail closing store, but by the end of 2011 Owner had closed the retail sales operations.

5.     Thereafter, on June 20th, 2012, Debtor was granted a License from the U. S. Department of the Treasury, a Cuban Assets Control Regulations Certificate ("License"). The License allowed the Debtor to operate as a travel agency and was able to obtain and sell air fares to Cuba; and Owner began operating with the license.

6.     On November 2014, Reikof Regalado ("Reikof") and Xenia Arguelles [the wife of Reikof] ("Xenia") asked Owner about the License and Owner agreed to allow Reikof and Xenia to use the Debtor's License. Thereafter, Reikof and Xenia started using the License.

7.     During the operations of the Debtor, Reikof and Xenia were also operating another business out of the same location as the Debtor, by the name of RREX Travel Services, Inc. ("RREX"); and were charging obligations to Debtor but diverting the Debtor's assets and income and were paying off their own personal expenses and paying for the business debts of RREX; and, Raikof and Xenia caused the Debtor to transfer numerous sums of monies to Defendant-- all of which were made in exchange for no consideration to the Debtor.

8.     Debtor was insolvent at all times material, as the Debtor was not paying its debts as they generally came due at the time of each of the sued-upon Transfers herein; and, otherwise had liabilities which exceeded the true value of its assets.

9.     The insolvency of the Debtor is further evidenced by: Debtor's failure to pay taxes owed to the Internal Revenue Service (US Treasury) for the years ending 2012 and 2013; and Proof of Claim No. 2 filed in the Parent Case by Viajejoy, LLC for $82,644.25,

which was incurred between October 7th, 2016 through February 2nd, 2017.

10.    Prior to filing this lawsuit, the Trustee served a demand letter (Exhibit "1") on the Defendant requesting evidence for the basis of the sued upon Transfers herein, and said Defendant did not respond and otherwise failed to provide documentary evidence to establish that reasonably equivalent value was given to the Debtor as consideration for the sued-upon Transfers herein.

11.    The records[1] of the Debtor do not reflect that the Debtor was ever obligated to Defendant for any form of debt.

12.    The Transfers identified on Exhibit "A" hereto in the amount of $51,863.00 were paid from the Debtor's account and were property of the Debtor, and paid to Defendant.

13.    The above-referenced Transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four years before the date of the filing of the bankruptcy petition.

14.    The Debtor received less than reasonably equivalent value in exchange for such Transfers.

15.    At the time of each of the Transfers, the Debtor had creditors whose claims arose prior to the Transfers.

16.    Debtor was insolvent at the time of the sued-upon Transfers, or became insolvent at the time of the sued-upon Transfers.

17.    Claims of creditors of the Debtor arose prior to and after the transfers being made by the Debtor to Defendant.

18.    Each of the Transfers was made without the Debtor having received reasonably equivalent value in exchange for the Transfers, and the Debtor:

    a.    was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were

---

[1] Debtor did not provide records to the Trustee reflecting any basis for the transfers sued upon herein.

unreasonably small in relation to the business or transaction; or

b.      intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

19.      The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee respectfully requests the Court to enter a Judgment:
a) Avoiding and recovering the sued-upon transfers, and granting money damages in the amount of the transfers in favor of the Trustee, for the benefit of Debtor's bankruptcy estate, plus pre- and post-judgment interest, and reasonable attorneys' fees and expenses, to the extent permissible by applicable law, to Trustee; and,
b) granting such other and further relief as may be equitable and just.

WHEREFORE, the Plaintiff requests entry of Default Final Judgment against Defendant, and for such other and further relief this Court does deems equitable and just.

FURTHER AFFIANT SAYETH NAUGHT.

BARRY E. MUKAMAL, TRUSTEE

I HEREBY CERTIFY that I am admitted to the Bar for the District Court in and for the Southern District of Florida and am duly-qualified to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: February 11th, 2020

Trustee's/Plaintiff's counsel
19 West Flagler Street, #416
Miami, FL 33130
Telephone: (305) 374-0200
Facsimile: (305) 374-0250
jbm@title11law.com
        /s/
JAMES B. MILLER, ESQ.
FLA. BAR NO. 009164

# Exhibit "1"

# JAMES B. MILLER
### ATTORNEY AT LAW

19 WEST FLAGLER ST.
SUITE 416
MIAMI, FL 33130

Admitted:
--Florida Bar
--Federal     District     Courts
(Middle and Southern Districts
of Florida)

Member:
--Bankruptcy  Bar,  Southern
District of Florida
--Federal Bar Association

TELEPHONE (305) 374-0200

TELECOPIER (305) 374-0250

JAMES B. MILLER
jbm@title11law.com

January 15, 2019

<u>Via Mail:</u>
**Miramar International Group LLC**
c/o: Sara Csra Oduardo as Registered Agent
987 SW 37th Avenue, #1111
Miami, FL 33135

　　　　Re: *In re: Suarez Fashion, Corp.*, Case No. 17-25141-AJC

Dear Ms. Oduardo,

　　　　On December 21st, 2017, Suarez Fashion, Corp. ("**Debtor**") filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code. My client, Barry E. Mukamal, is the duly appointed, permanent Chapter 7 bankruptcy trustee in this Case.

　　　　The purpose of this letter is to inquire about certain transfers made by the Debtor to you totaling $52,463.00. Based upon the information available to us, together with our understanding of the nature of the Debtor's financial affairs during the applicable time period, it appears that the transfer identified on the list attached hereto as exhibit "A" are avoidable and recoverable under 11 U.S.C. § 544 and 548, Chapter 726 of the Florida Statutes and/or the theory of unjust enrichment under Florida law.

　　　　Notwithstanding the foregoing, we understand that the Debtor's records may not be complete. Therefore, we are interested in receiving any documents that may support any defense you may have in this matter. Please provide any such documents on or before fourteen (14) calendar days from the date of this letter. We are requesting a documented explanation of the transfer referenced on the attached spreadsheet so that we can more fully evaluate the Debtor's

January 15, 2019
Page 2

bankruptcy estate's potential claims and any potential defenses before commencing formal litigation. Your timely response to this letter will therefore be greatly appreciated.

Please contact us should you have any questions or concerns. Thank you.

Regards,

James B. Miller, Esq.

JBM/AS

January 15, 2019
Page 3

# Exhibit "A"

### Miramar International Group

| | Debit/Ck | Date | Amount | Acct. |
|---|---|---|---|---|
| 1 | 2041 | 12/23/2016 | $ 1,152.00 | 8183 |
| 2 | 2035 | 12/22/2016 | $ 872.00 | 8183 |
| 3 | 2028 | 12/21/2016 | $ 3,559.00 | 8183 |
| 4 | 2013 | 12/7/2016 | $ 2,780.00 | 8183 |
| 5 | 2015 | 12/6/2016 | $ 540.00 | 8183 |
| 6 | 1995 | 11/18/2016 | $ 1,540.00 | 8183 |
| 7 | 1992 | 11/16/2016 | $ 308.00 | 8183 |
| 8 | 1990 | 11/14/2016 | $ 308.00 | 8183 |
| 9 | 1976 | 11/1/2016 | $ 1,006.00 | 8183 |
| 10 | 1972 | 10/27/2016 | $ 385.00 | 8183 |
| 11 | 1961 | 10/13/2016 | $ 1,633.00 | 8183 |
| 12 | 1953 | 10/3/2016 | $ 840.00 | 8183 |
| 13 | 1940 | 9/26/2016 | $ 1,130.00 | 8183 |
| 14 | 1939 | 9/22/2016 | $ 650.00 | 8183 |
| 15 | 1930 | 9/8/2016 | $ 1,130.00 | 8183 |
| 16 | 1916 | 8/29/2016 | $ 1,575.00 | 8183 |
| 17 | 1921 | 8/29/2016 | $ 146.00 | 8183 |
| 18 | 1900 | 8/17/2016 | $ 1,431.00 | 8183 |
| 19 | 1895 | 8/9/2016 | $ 1,470.00 | 8183 |
| 20 | 1889 | 8/4/2016 | $ 2,160.00 | 8183 |
| 21 | 1878 | 7/25/2016 | $ 4,167.00 | 8183 |
| 22 | 1848 | 6/28/2016 | $ 1,526.00 | 8183 |
| 23 | 1836 | 6/17/2016 | $ 581.00 | 8183 |
| 24 | 1817 | 6/6/2016 | $ 3,260.00 | 8183 |
| 25 | 1795 | 5/18/2016 | $ 2,389.00 | 8183 |
| 26 | 1787 | 5/10/2016 | $ 450.00 | 8183 |
| 27 | 1762 | 4/26/2016 | $ 675.00 | 8183 |
| 28 | 1729 | 4/7/2016 | $ 1,706.00 | 8183 |
| 29 | 1713 | 3/29/2016 | $ 1,440.00 | 8183 |
| 30 | 1706 | 3/23/2016 | $ 2,982.00 | 8183 |
| 31 | 1696 | 3/16/2016 | $ 1,420.00 | 8183 |
| 32 | 1676 | 2/25/2016 | $ 1,125.00 | 8183 |
| 33 | 1656 | 2/11/2016 | $ 424.00 | 8183 |

January 15, 2019
Page 4

| 34 | 1648 | 2/9/2016 | $ | 1,427.00 | 8183 |
| 35 | 1641 | 2/2/2016 | $ | 1,433.00 | 8183 |
| 36 | 1607 | 1/6/2016 | $ | 2,243.00 | 8183 |
| 37 | 1533 | 10/20/2015 | $ | 600.00 | 8183 |
| | Total | | $ | 52,463.00 | |